[No. 11430-9-III.    Division Three.    June 29, 1993.]

*In the Matter of the Marriage of* BRENT ANDREW GERRARD
ZADOROZNY, *Appellant, and* MELODY DAWN
ZADOROZNY, *Respondent.*

*Brent Zadorozny,* pro se, and *Michael F. Keyes,* for appellant.

*Timothy J. Harkins,* for respondent.

SHIELDS, C.J. — Brent Zadorozny appeals the denial of his
motion to enforce a Canadian divorce decree giving him cus-

tody of his two minor sons. He contends the court was required to enforce the decree under the provisions of an international treaty and the Uniform Child Custody Jurisdiction Act (UCCJA). We affirm.

Brent, a Canadian citizen, and Melody, a United States citizen, were married in Coeur d'Alene, Idaho, on July 26, 1986. They moved after the marriage to Brent's home town of Calgary. Their first son, Aaron, was born there on February 12, 1987. In October or November 1988 the couple separated. On November 4, 1988, Melody filed a petition for divorce in Calgary and obtained an ex parte order giving her interim custody of Aaron. Brent and Melody reconciled and the case was later formally dismissed. They resumed their marital relationship and lived together in Canada from the end of November 1988 until August 1989. During that time Melody became pregnant with their second son. On August 24, 1989, Melody took Aaron to Colville to visit her mother and grandmother. On September 15 Melody informed Brent that she was not returning to Canada.

On October 4, 1989, Brent filed a petition for divorce in Calgary and obtained an ex parte order granting him exclusive interim custody of Aaron. The order also permitted service of the petition on Melody at her parents' home in Colville by registered mail. On October 5 Brent filed an application with the Alberta Attorney General for return of Aaron under the provisions of an international treaty to which Canada and the United States were signatories, the 1980 Hague Convention on the Civil Aspects of International Child Abduction (the Hague Convention).

The couple's second son, Levi, was born in Colville on October 31, 1989.

On November 13, 1989, Melody filed a summons and petition for dissolution in Stevens County Superior Court together with a show cause motion (cause 89-3-00198-7). On November 16, 1989, the United States Department of State sent a letter to the Superior Court, notifying the court of the

existence of the Hague Convention and Brent's request under it for return of Aaron.

> We call your attention to Article 16 of the Convention which provides that ". . . judicial and administrative authorities to which the child has been removed or in which it has been retained shall not decide on the merits of rights of custody until it has been determined that the child is not to be returned under this Convention or unless an application under this Convention is not lodged a reasonable time following receipt of the notice."

Enclosed with the letter was a copy of Brent's application.

On January 9, 1990, the Washington State Attorney General filed an amended notice of appearance for the State in the Stevens County dissolution cause. The State filed a motion to dismiss (under CR 12(b)(2) for lack of jurisdiction or under CR 12(c) as a summary judgment) or, alternatively, a motion to stay proceedings pending a decision on whether to return Aaron under the Hague Convention or the International Child Abduction Remedies Act, 42 U.S.C. § 11601 *et seq.*, which implemented the Hague Convention for the United States. The State also filed a formal petition for return of Aaron to Calgary pursuant to the Hague Convention.

Also on January 10, 1990, Brent appeared in the Stevens County dissolution cause through counsel and moved for an order finding that Melody wrongfully removed Aaron from Calgary and ordering her to return him. That same day, Melody filed a motion for an order denying return of Aaron, based on the following grounds: (1) the child's removal was not wrongful; (2) under the Hague Convention, anyone obtaining a custody decision from a foreign court after a child has been removed (as Brent did in Calgary on October 4, 1989) must give notice to the removing spouse and afford her an opportunity to be heard, neither of which was done before the Calgary custody decision; (3) return was not mandated by the Hague Convention because it would place Aaron at risk for abuse; and (4) Levi's custody would have to be decided in the United States, so Aaron's should be, too.

On March 1, 1990, the Superior Court entered an order finding it had jurisdiction to determine the parties' rights under the federal act implementing the Hague Convention, but specifically reserving a jurisdiction decision under RCW 26.27, the UCCJA. The court further found: (1) Levi and Melody are United States citizens, while Aaron and Brent are Canadian citizens; (2) Aaron was wrongfully removed or retained within the meaning of the Hague Convention; and (3) pursuant to article 13(b) of the Hague Convention, there is a grave risk to Aaron that his return would expose him to physical or psychological harm or otherwise place him in an intolerable situation. The court denied the State's motion to dismiss, and the State's and Brent's motions for return of the child, and granted Melody's motion for an order denying the application for return of Aaron. *There was no appeal of the court's decision.*

On July 19, 1990, Brent obtained a Calgary court order finding that court had jurisdiction to decide the issues of divorce and custody. The order noted that notice of the motion and an amended petition for divorce were served on Melody on July 8 in the manner provided in the October 4, 1989, order and by mailing them to her attorney in Stevens County, but that her attorney had informed Brent's attorney he would not accept service for Melody, nor would he stipulate to the jurisdiction of the Canadian court. The court found "[s]ervice of the Amended Petition for Divorce is good and sufficient." The court set trial for October 15, 1990, and ordered Melody to attend and bring both children. The court also granted Brent visitation with the children for the month of August. The order was filed in Calgary on July 20. On July 31 Brent filed a certified copy of the Calgary court order in Stevens County under a new cause number (90-3-00127-1) with himself as petitioner and Melody as respondent.

On October 1, 1990, Melody moved in her Stevens County dissolution proceeding for residential placement of the children with her pursuant to her proposed temporary parenting

plan. On October 12 the Superior Court found timely notice of the motion and hearing had been given to Brent's attorney, who did not appear, and concluded it had jurisdiction over the matter under RCW 26.27.030 and .230. The court granted temporary placement of the children with Melody. *Neither the jurisdiction decision nor the temporary custody order was appealed.*

Trial was held in the Canadian divorce proceeding on October 15 and 16, 1990, without Melody or the children present. By judgment and order entered November 5, 1990, Brent was granted a divorce and custody of both children. The court found service was sufficient under the provisions of the court's July 19 order.

On November 29, 1990, in her Stevens County dissolution proceeding, Melody filed a motion for default with notice to Brent's attorney. Neither Brent nor his attorney responded, and an order of default was entered. On December 7, 1990, the Superior Court's findings of fact and conclusions of law were entered along with a decree of dissolution. The decree provides for residential placement of both boys with Melody and supervised visitation for Brent with the children in Colville. Both parents are restrained from removing either child from the United States. *No appeal was ever filed in this cause (89-3-00198-7).*

On December 20, 1990, Brent filed a certified copy of the Canadian divorce decree in the Washington cause he opened on July 31 (90-3-00127-1). He also moved for an order enforcing the decree. On January 24, 1991, Melody filed a limited notice of appearance in the cause and moved for dismissal.

On February 13, 1991, by memorandum opinion, the Stevens County Superior Court denied Brent's motion to enforce the Canadian decree. The court initially determined service on Melody was never perfected; since there was no attorney of record in the proceeding to enforce the Canadian decree, CR 5 required personal service on Melody. Because that never occurred, the court lacked jurisdiction over her. The court then determined the Canadian decree was not entitled to enforcement in Washington because Melody had not

been provided proper notice and an opportunity to be heard, and the jurisdiction issue was not fully and fairly litigated in Canada. On the other hand, Brent was personally served in the Washington dissolution proceeding and given notice of the motion for the Washington court to assume jurisdiction, as well as the motion for default. He earlier appeared generally in the proceeding but did not object to the order finding jurisdiction or the order of default.

On appeal, Brent contends generally that the Superior Court's refusal to return the children to Canada was error, as was the court's refusal to enforce the Canadian divorce decree. His specific assignments of error are:

1. The superior court erred in denying the return of the older child pursuant to the Hague Convention.
2. The superior court erred in entering a finding of fact that to return the older child would place the child in grave risk of harm.
3. The superior court erred in refusing to enforce the Canadian Divorce Decree's custody provisions.

■ Brent's first two assignments of error are not properly before this court. Those determinations were made in Melody's dissolution proceeding, Stevens County cause 89-3-00198-7, on March 1, 1990. No appeal was filed. The court's denial of the application for return of Aaron under the Hague Convention, on the basis it would place the child at grave risk of harm, is final.

Brent's third assignment of error presents the only issue before the court in this enforcement proceeding, Stevens County cause 90-3-00127-1: Did the court err by refusing to enforce the November 5, 1990, Canadian decree?[1]

---

[1]We note Melody appeared specially in the enforcement proceeding to move for CR 12(b) dismissal based on insufficiency of service of process and lack of personal jurisdiction. The court concluded personal service is required and, until there is personal service, it is without jurisdiction in the matter. Brent has not challenged that finding and it is undisputed that there has been no such service. However, the court did not dismiss the case (presumably because Brent could serve Melody at any time and a decision would then be required); it rendered an opinion on the issues before it and denied Brent's motion to enforce the Canadian decree.

Brent contends the Canadian divorce decree was made in conformity with the UCCJA and was entitled to enforcement in Washington. RCW 26.27.230.[2]

The Superior Court did not err. On December 20, 1990, when Brent moved for enforcement of the Canadian decree in cause 90-3-00127-1, the December 7, 1990, decree had already been entered in cause 89-3-00198-7. Brent appeared in that proceeding, received notice of all hearings, did not challenge the court's personal or subject matter jurisdiction or request that the court decline jurisdiction in favor of Canada, and did not appeal any of the court's orders or its dissolution decree. The Washington court's decree was binding on Brent.

RCW 26.27.120 provides:

A custody decree rendered by a court of this state which had jurisdiction under RCW 26.27.030 binds all parties who have been served in this state or notified in accordance with RCW 26.27.050 or who have submitted to the jurisdiction of the court, and who have been given an opportunity to be heard. As to these parties the custody decree is conclusive as to all issues of law and fact decided and as to the custody determination made unless and until that determination is modified pursuant to law, including the provisions of this chapter.

Brent cannot now attack the court's exercise of jurisdiction in the Stevens County dissolution proceeding in this appeal of the court's decision in the separate enforcement proceeding.

■ The reason the Superior Court refused to enforce the Canadian decree is that it found the Canadian court exercised jurisdiction without first giving Melody notice and opportunity to be heard. Brent has not assigned error to that

---

[2]RCW 26.27.230 provides:

"The general policies of this chapter extend to the international area. The provisions of this chapter relating to the recognition and enforcement of custody decrees of other states apply to custody decrees and decrees involving legal institutions similar in nature to custody rendered by appropriate authorities of other nations if reasonable notice and opportunity to be heard were given to all affected persons."

finding. The court concluded that because the Canadian custody decision was rendered without giving Melody reasonable notice and opportunity to be heard, RCW 26.27.230 did not require recognition and enforcement. The court's conclusion follows logically from the language of the statute and its finding of fact.

The Superior Court's denial of the motion to enforce the Canadian decree is affirmed.

MUNSON and THOMPSON, JJ., concur.